IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SHARON S. HEINZ, | ) | CASE NO: 12-83138-JAC-7 |
| SSN: xxx-xx-3220 | ) | |
| | ) | |
| Debtor. | ) | CHAPTER 7 |
| | ) | |
| SHARON S. HEINZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | AP NO.:  12-_____ |
| | ) | |
| NICK LIOCE, BONNIE | ) | |
| LORRAINE LIOCE, M. PAUL | ) | |
| KILLIAN, and GREGORY R. | ) | |
| REVERA, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR VIOLATION OF §§362 (2) AND (3) OF THE UNITED STATES BANKRUPTCY CODE

COMES NOW the Plaintiff, SHARON S. HEINZ, and brings this, her Complaint for Violation of Sections 362 (2) and (3) of the United States Bankruptcy Code and as grounds therefore would show as follows:

1. Plaintiff filed a Chapter 13 Bankruptcy Petition on September 28, 2012 and converted to Chapter 7 on October 23, 2012. The Court entered an AUTOMATIC STAY ORDER on September 28, 2012, staying under Sections 362(2) and (3) any enforcement against property of the estate of a judgment obtained before the commencement of the Bankruptcy Case and staying any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

2. The Debtor had a prior Chapter 13 Case pending within one year of the filing of the current case. This Court did not extend the Debtor's Stay and on the 30th day from September 28, 2012, the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease **terminated with respect to the debtor.**

The Creditor-Defendants in this Case have **not obtained any stay relief with respect to Property of the Bankruptcy Estate under §§362 (2) and (3) of the United States Bankruptcy Code**. The Chapter 7 Trustee has not abandoned any property of the Bankruptcy Estate, has not consented to the actions of the Defendants and has not even held the §341 Meeting of Creditors as of this time.

    3. Defendants have not released their Sheriff's Levies and Executions in the Madison County Circuit Court in compliance with §§362(2) and (3) of the United States Bankruptcy Code but have, instead, filed an "Emergency Motion To Compel" in the Circuit Court of Madison County, Alabama, in Case Number CV11-900965 DSP, seeking an Order from the State Court that the Defendant in that case (Debtor herein), "immediately surrender the vehicles to the Sheriff for sale at auction"; "respond to the discovery previously propounded by the plaintiffs"; "cease desists (sic) from all transfers of assets without permission from the Court or agreement from the Lioces"; and "any other relief which the Court deems appropriate". A copy of the "Emergency Motion To Compel" is attached hereto as Exhibit "A" showing the Defendants continue to pursue a Sheriff's Levy against vehicles and property in violation of §§362(2) and (3) of the United States Bankruptcy Code.

    WHEREFORE, THE FOREGOING PREMISES CONSIDERED, the Plaintiff, SHARON S. HEINZ, brings this Complaint against the Defendants for willful and contemptuous violations of §§362(2) and (3) of the United States Bankruptcy Code and request a clear Order that the Defendants cease and desist such violations and that damages be awarded for violations that have occurred heretofore.

                                          /s/ G. John Dezenberg, Jr.
                                          G. JOHN DEZENBERG, JR.
                                          DEZENBERG & LARSEN
                                          Attorneys for Plaintiff
                                          908-C North Memorial Parkway
                                          Huntsville, Alabama 35801
                                          Phone: (256) 533-50913